## APPEAL OF THE BAKER & TAYLOR CO.

Docket No. 3849.   Submitted July 8, 1925.   Decided November 18, 1925.

> Upon organization, the taxpayer issued its entire capital stock of $40,000 and $400,000 income bonds and assumed the liabilities of a going business for the assets less $61,976.21 undivided profits of such business. The income bonds were redeemed before maturity. The books of account never showed the bonds as a liability or an asset to balance such liability. When the bonds were redeemed the surplus was charged with the amount paid in redemption. Held, that the taxpayer is not entitled to restore to surplus any part of the $400,000 paid for bond redemption in computing invested capital.

Joseph B. Miller and William E. Russell, Esqs., for the taxpayer.
Ellis W. Manning, Esq., for the Commissioner.

Before JAMES, LITTLETON, SMITH and TRUSSELL.

This appeal is from the determination of a deficiency in income and profits tax for the fiscal year ended March 31, 1921, in the amount of $292.72. The point in issue is the right of the taxpayer

to restore to surplus and include in invested capital any part of $400,000 paid out in redemption of income bonds and charged off to surplus at the time the payments were made.

FINDINGS OF FACT.

The taxpayer is a Connecticut corporation with its principal office in New York City. It is a wholesale dealer in books. It was organized on February 22, 1906, for the purpose of taking over the assets and business theretofore owned and conducted by a corporation of the same name, the charter of which had expired by limitation on February 16, 1906.

At a special meeting of the board of directors of the taxpayer corporation, held on June 22, 1906, the following resolutions were adopted:

Whereas, Nelson Taylor of So. Norwalk, Conn., has agreed to assign and transfer, and has assigned and transferred to this corporation an undivided 9/10 interest or share in the business and assets of Baker & Taylor Company, a corporation dissolved pursuant to the laws of Connecticut on the 16th day of February, 1906, in exchange for 360 shares of the capital stock of this corporation, of the par value of $100 each, and 36 of its income bonds, part of the proposed issue of 40 such bonds of $10,000 each in the form annexed hereto, bearing date April 1st, 1906, and drawing interest from said date at the rate of 6% per annum, and upon the agreement of this corporation to pay over to him, the said Nelson Taylor, 9/10 of the net profits of said business for the year ended March 31, 1906, at the close of business on said March 31, 1906, or as soon thereafter as said net profits shall be determined, and to assume and pay the indebtedness incurred in connection with said assets and business and remaining unpaid and outstanding, and

Whereas, the said undivided 9/10 share in said business and assets is worth in excess of $40,000.00 and is reasonably worth the said stock, bonds and the said 9/10 shares of the profits of said business for the year ending March 31st, 1906;

Now, therefore, be it resolved, that the proper officers of this corporation be, and they hereby are authorized to issue to said Nelson Taylor, or such person as he may designate, 360 shares of the capital stock of this corporation of the par value of $100 each, and 36 of its said income bonds, and to pay over to the said Nelson Taylor 9/10 of the net profit of said business for the year ending March 31st, 1906, at the close of business or as soon thereafter as the amount of said profits shall be determined; and

Whereas, Herbert S. Baker of East Orange, N. J., has agreed to assign and transfer, and has assigned and transferred to this corporation an undivided 1/10 interest or share in the business and assets of Baker & Taylor Company, a corporation dissolved pursuant to the laws of Connecticut on the 16th day of February, 1906, in exchange for 40 shares of the capital stock of the corporation of the par value of $100 each, and 4 of its income bonds, part of the proposed issue of 40 such bonds of $10,000.00 each in the form annexed hereto, bearing date April 1st, 1906, and drawing interest from said date at the rate of 6% per annum, and upon the agreement of this corporation to pay over to him, the said Herbert S. Baker, 1/10 of the net profits of said business for the year ended March 31, 1906, at the close of business on said

March 31, 1906, or as soon thereafter as said net profits shall be determined, and to assume and pay the indebtedness incurred in connection with said assets and business and remaining unpaid and outstanding.

Now, therefore, be it resolved, that the proper officers of this corporation be, and they hereby are authorized to issue to said Herbert S. Baker, or such person as he may designate, 40 shares of the capital stock of this corporation of par value of $100 each, and 4 of its said income bonds, and to pay over to the said Herbert S. Baker 1/10 of the net profit of said business for the year ending March 31st, 1906, at the close of business or as soon thereafter as the amount of said profits shall be determined; and

Be it further resolved that this corporation assume and pay all indebtedness incurred in connection with said business and assets remaining unpaid and outstanding.

Capital stock of an aggregate par value of $40,000 and bonds of an aggregate par value of $400,000 were issued by the taxpayer, in accordance with the terms of the foregoing resolutions, to the stockholders of the predecessor company. The assets and business were taken over as of April 1, 1906.

The following balance sheet reflects the condition of the business at April 1, 1906, and shows the value at that date of all the assets, exclusive of good will, taken over by this taxpayer:

Assets:

| | |
|---|---:|
| Notes and accounts receivable | $166,199.88 |
| Cash | 22,788.39 |
| Inventories | 131,410.75 |
| Postage stamps | 683.35 |
| Fixtures | 3,500.00 |
| Personal accounts | 703.54 |
| Unexpired insurance | 533.30 |
| Total | 325,819.21 |

Liabilities:

| | |
|---|---:|
| Notes and accounts payable | 222,801.01 |
| Copyright unpaid | 1,000.00 |
| Sundry accounts | 41.77 |
| Capital | 40,000.00 |
| Undivided profits | 61,976.43 |
| Total | 325,819.21 |

The assets and liabilities listed above were entered on the taxpayer's books at the amounts shown. The undivided profits which, under the provisions of the resolutions quoted above, the taxpayer was obliged to distribute to the stockholders of the predecessor company were included among the liabilities. The bonds of an aggregate par value of $400,000, which the taxpayer issued in part payment for the assets and business, were not set up as a liability of the corporation on the books. Neither was the good will set up as an asset.

The bonds were what are commonly known as "income bonds." All of them matured April 1, 1916. The material portions of the bonds were as follows:

Know all men by these presents, That *The Baker & Taylor Company*, a corporation organized under the laws of Connecticut, in the year 1906, is indebted to Nelson Taylor or assigns, in the sum of Ten thousand ($10,000.00) dollars, and for value received promises to pay the same at its office in the City of New York on the 1st day of April in the year 1916, with interest thereon from the date hereof at the rate of six per cent. (6%) per annum, payable annually on the first day of April in each and every year. Said principal sum and said interest thereon are to be paid only from the net earnings of the said The Baker & Taylor Company, ascertained and declared by its Board of Directors to be applicable to such payments of principal and interest after appropriating to the capital account of said corporation such portion of said net earnings as the said Board of Directors may deem advisable. In the event that the accumulated net earnings of the said The Baker & Taylor Company are insufficient to pay the principal hereof at maturity or any unpaid interest due thereon, then this obligation shall be paid from said net earnings as when and as soon as said net earnings are ascertained and declared by its Board of Directors. This bond may be redeemed in whole or in part by The Baker & Taylor Company at its option at any time before the maturity hereof, by the payment to the holder hereof of the full principal sum or such portion thereof as may be required to pay the part or portion of said bond redeemed, together with interest due thereon, or by depositing with the Treasurer of the said The Baker & Taylor Company to the credit of the holder hereof, the said sum required to redeem said bonds in whole or in part as hereinbefore provided, and by mailing written notice of such deposit to the last known post office address of the registered holder hereof, and upon and after such payment or deposit, payment of interest hereon or such portion hereof as shall have been redeemed, shall cease and determine. It is further expressly provided that any redemption by The Baker & Taylor Company of the series of bonds or any part thereof, of which series this bond is one, shall be apportioned among the several registered holders of said series of bonds in the proportion which the amount of the bonds registered in the name of each registered bondholder bears to the amount of the entire series of said bonds issued and outstanding. This bond is one of a series numbered from one to forty, each for Ten thousand ($10,000.00) dollars, and is transferable only on the books of the said The Baker & Taylor Company by the registered owner in person or by attorney upon the surrender and due assignment thereof.

The whole issue of bonds was redeemed at par prior to the maturity date as follows:

| | | |
|---|---|---:|
| Apr. | 1, 1907 | $93,352.41 |
| Jan. | 1, 1908 | 26,200.86 |
| Apr. | 1, 1908 | 9,641.65 |
| Dec. | 28, 1908 | 27,814.00 |
| Apr. | 1, 1909 | 22,713.66 |
| Dec. | 29, 1909 | 40,087.52 |
| Apr. | 1, 1910 | 7,333.89 |
| Jan. | 1, 1911 | 42,221.48 |
| Apr. | 1, 1911 | 151.55 |
| Apr. | 1, 1912 | 44,936.74 |
| Apr. | 1, 1913 | 45,017.23 |
| June | 4, 1914 | 40,529.01 |
| | Total | 400,000.00 |

Of the total issue of bonds, $314,453.76 par value was paid off in cash and $85,546.24 par value was converted into capital stock. As the bonds were redeemed the purchase price thereof was charged against surplus account, as no account had been opened on the books for the bond issue.

The earnings and net tangible capital of the predecessor concern for the four years ended March 31, 1906, were as follows:

| Year. | Earnings. | Net tangible capital. |
|---|---|---|
| Mar. 31, 1903 | $44, 643. 36 | $97, 688. 86 |
| Mar. 31, 1904 | 28, 184. 69 | 143, 022. 24 |
| Mar. 31, 1905 | 33, 284. 72 | 171, 206. 93 |
| Mar. 31, 1906 | 61, 973. 43 | 203, 457. 08 |
| Total | 168, 086. 20 | 615, 375. 11 |
| Average yearly | 42, 021. 55 | 153, 814. 78 |

The capital stock of the corporation was increased from $40,000 in April, 1913, to $200,000. The increase of $160,000 in capital stock was paid for, to the extent of $85,546.24, by notes previously given by the corporation to the stockholders in the redemption of bonds, and the balance was paid in cash.

In the computation of invested capital for the fiscal year ended March 31, 1921, the Commissioner excluded from claimed invested capital the claimed cost of the good will acquired.

### DECISION.

The determination of the Commissioner is approved.

### OPINION.

SMITH: The question presented by this appeal is the right of the taxpayer to restore to surplus $400,000 paid out by the taxpayer in the redemption of income bonds and charged to surplus at the time when the payments were made. It is the contention of the taxpayer that the assets contributed to it by its two stockholders upon organization in 1906 were greatly in excess of $40,000, the par value of the stock issued for them; that the assets were in reality issued for the shares of stock and for $400,000 income bonds issued to the two stockholders in the same proportion as the shares of stock were issued to them; that the taxpayer should have set up on its books of account upon organization an asset, entitled " good will," of $400,000 and that a liability of a like amount should have been set up for the income bonds; that if this had been done there never would have been any charge-off to surplus upon the redemption of the bonds, and that then no question would have arisen as to the right of the taxpayer to include in invested capital the full amount of its surplus.

Under the Revenue Act of 1921, the invested capital of a corporation must be based upon the amount of capital contributed by the stockholders to the corporation plus the earned surplus. The only contribution of capital reflected upon the taxpayer's books of account upon organization was net tangibles of $40,000. If assets of a value in excess of $40,000 were contributed, they were not contributed in exchange for shares of stock.

The income bonds were payable, principal and interest only, from moneys to be earned by the corporation in the future and payments were to be made out of such earnings only after they had been ascertained and declared by the board of directors of the taxpayer applicable to such payments "after appropriating to the capital account" such portion of the net earnings as the board of directors might deem advisable. The bonds were in no sense a lien upon any part of the assets turned over to the corporation by the stockholders. They were issued to the owners of the assets of the predecessor business in the same proportion that the capital stock was issued to them. They were in effect nothing more than an appropriation of the future earnings of the taxpayer.

We are of the opinion that the Commissioner has correctly held that the assets of the predecessor business were paid in to the taxpayer corporation for its capital stock of $40,000. The payment of $400,000 in redemption of the bonds was simply a distribution of earnings by the corporation to its stockholders. We do not think that the evidence of record warrants the restoration to surplus, or the inclusion in invested capital, of any part of the $400,000 in question.